IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHNNY MCMANUS                                                    PLAINTIFF

vs.                                          CIVIL ACTION NO. 1:10cv0280-SAA

MICHAEL ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                   DEFENDANT

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Johnny McManus for disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff filed applications for SSI, DIB and for a period of disability (POD) on April 8, 2008, alleging disability beginning February 12, 2004. Docket 5, p. 14. Plaintiff later amended his onset date to January 25, 2008. *Id.* at 43-44. His claim was denied initially on June 25, 2008 and on reconsideration on July 18, 2008. *Id.* at 14. He filed a written request for hearing on July 25, 2008 and was represented by counsel at the hearing held on January 13, 2010. *Id.* at 41. The Administrative Law Judge (ALJ) issued an unfavorable decision on February 5, 2010 (*Id.* at 14-24), and the Appeals Council denied plaintiff's request for a review on September 20, 2010. *Id.* at 6-9. Plaintiff timely filed the instant appeal from the decision, and it is now ripe for review. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this

opinion and the accompanying final judgment.

## I. FACTS

Plaintiff was born on April 9, 1964, and completed the twelfth grade. Docket 5, p. 45. He was forty-four years old at the time of the application and was forty-three at the time of his amended onset date. He was previously employed in the construction industry as a supervisor and general laborer having been self-employed and having worked for Triangle Drywall, F.L. Crane. *Id.* at 45-46. Plaintiff contends that he became disabled before his application for SSI, DIB and POD due to post-traumatic degenerative arthritis, degenerative disc disease, obstructive sleep apnea, disc herniation of the lumbar spine, and severe peripheral neuropathy. *Id.* at 5, 139-146. The ALJ rejected his claims of disability, concluding that even though the plaintiff had severe impairments and could not perform his past relevant work, there nevertheless were jobs which existed in significant numbers in the national economy which plaintiff could perform. Consequently, plaintiff was not disabled.

Plaintiff claims that the ALJ failed to properly consider plaintiff's impairments at step three and that the ALJ's assessment of his RFC was unsupported by medical evidence. Docket 8, p.1.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v.*

---

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

*Apfel,* 197 F.3d 194, 196 (5th Cir. 1999); citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

---

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

Plaintiff argues that the ALJ's RFC was not supported by any medical opinion in the record, rendering erroneous his hypothetical to the vocational expert ("VE") and his ultimate decision that plaintiff is not disabled. He contends the ALJ erred in the final step of the evaluation process as he relied upon his own opinion that plaintiff could lift or carry 20 pounds on an occasional basis.[11] Docket 8, p. 12; Docket 11, p 11. The Commissioner completely fails to even acknowledge this argument, but instead dances around it. While ignoring this winning argument, the Commissioner makes issue of the fact that plaintiff's physicians submitted "check-box medical source statement questionnaires" instead of an in-depth analysis of plaintiff's medical impairments. This argument is curious at best because this is exactly what the state agency examiners – upon whom ALJs routinely rely for their decisions – do on a regular basis. The court rejects this argument as untenable and bordering on frivolous.

More to the point, the Commissioner's failure to address this point means that the court, whose burden to review the entire record is already an onerous one, has been forced to expend additional time minutely searching the record to determine if there is indeed support for the ALJ's 20-pound finding. Such a detailed search should have been obviated by the

---

[11]Plaintiff also asserts that the ALJ erred at step three of the evaluation process by finding that his severe impairments failed to meet a listed impairment. Docket 8, p. 4. He alleges that "the ALJ simply cited to the requirements of the various listings" instead of providing any explanation as to how he reached the conclusion that plaintiff's symptoms were insufficiently severe to meet any listed impairment. *Id.* at 4-5. While it is clear that the ALJ certainly failed to complete the required analysis under *Audler v. Astrue*, 501 F.3d 446 (5th Cir. 2007), a clarification of the medical evidence is necessary to determine whether plaintiff actually satisfies a listed impairment.

Plaintiff further argues that the ALJ failed to comply with *HALLEX I-2-652*. The Commissioner acknowledges this point, but notes that plaintiff's request for a medical expert to attend the hearing was untimely. While this may very well be the case, the ALJ is instructed on remand to consider whether this request is merited and whether a medical expert's attendance at the hearing may be beneficial.

Commissioner's either pointing out where such support can be found in the record or conceding that there is no such support exists. Where there is no such support, and the error is so fundamental, the Commissioner should voluntarily agree to remand for reconsideration rather than require that the court do that work for him.

The record evidence includes a report from two treating physicians, Drs. Rosenfeld and Tarquinio, and a report from a consultative state agency examiner, Dr. Reed. Plaintiff admits that Dr. Tarquinio's report should not be given much weight as it was prepared before the onset date. However, Drs. Reed and Rosenfeld provided similar limitations for plaintiff, which the ALJ afforded only "limited weight" because they were findings that the ALJ held were not supported by the record and objective medical evidence as a whole. Docket 5, p. 17-18.

The responsibility to determine the plaintiff's residual functional capacity belongs to the ALJ, *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995), and in making this determination he must consider all the evidence in the record, evaluate the medical opinions in light of other information contained in the record, and determine the plaintiff's ability despite his physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). However, the ALJ may not establish physical limitations or lack such limitations without medical proof to support that conclusion. *Patterson v. Astrue*, 2008 WL 5104746, *4 (N.D. Miss. 2008), citing *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). "The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law or judging matters entrusted to experts." *Nyugen v. Chater*, 172 F.3d at 35.

At the hearing, the ALJ proposed a hypothetical to the VE and asked her to assume that

plaintiff "retains the ability to occasionally lift 20 pounds . . ." Docket 5, p. 59. Based upon this hypothetical, the VE testified that plaintiff could perform sedentary unskilled jobs in the national economy such as an eyeglass inserter or lamp shade assembler. *Id.* This was the only hypothetical to which the VE responded that plaintiff could work. The ALJ did not posit a hypothetical to the VE that included the limitation of occasionally lifting 10 pounds, the limit supported by the medical records and reports of plaintiff's treating physicians and the state agency examiner.

The record does not support the ALJ's hypothetical that plaintiff could lift 20 pounds occasionally, but instead directly contradicts this hypothetical. Dr. Reed, the state agency consultant who examined plaintiff,[12] opined that plaintiff could only occasionally lift 10 pounds. Docket 5, p. 512-14. The court has examined the record and cannot locate any treating or examining physician who ever stated plaintiff was capable of lifting or carrying 20 pounds either occasionally or frequently despite the ALJ's inclusion of this requirement in the hypothetical to the VE. As indicated by plaintiff and the Fifth Circuit, "an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions." *Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995). This appears to be exactly what the ALJ

---

[12] Interestingly, the Commissioner dismisses Dr. Reed's opinion, even though the agency retained him and even though he examined plaintiff and rendered a medical evaluation, because his report states that it is made "only for the purpose of providing information to the State Disability Office for their use in making a determination and was not done for any diagnostic treatment or follow up purpose." This novel argument appears to suggest that state agency medical examiners may receive compensation from the agency for an in-person examination of a claimant, yet disavow the validity of their reports at will. It is an interesting proposition that a physician could, in essence, accept government money and give nothing in return – nothing for something? Again, the argument boggles the mind in light of the fact that ALJs routinely accept and give great weight to *non-examining* state agency consultant physicians who render opinions often based on incomplete medical records.

7

did in the subject case. In direct contradiction to both the medical evidence in the record and applicable case law, the ALJ established physician limitations without any medical proof to support those limitations and then reached a RFC based upon the VE's testimony as to plaintiff's ability to work with those unsupported limitations.

The ALJ's reliance upon the testimony of the VE to reach his RFC is unsupported by substantial evidence in the record. The Fifth Circuit has indicated that a VE's testimony based upon a defective hypothetical question cannot constitute substantial evidence of a non-disability. *Boyd v. Apfel*, 239 F.3d 698 (5th Cir. 2001). Therefore, the undersigned finds that the ALJ did not satisfy his affirmative duty to "ensure that his decision is an informed decision based upon sufficient facts." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). The ALJ's decision was not supported by substantial evidence and should be remanded for a proper analysis of whether plaintiff's impairments meet a listed impairment and a proper evaluation of plaintiff's limitations based upon the record.

### IV. PLAINTIFF'S REMAINING ARGUMENTS

This action will be remanded to the ALJ for (1) further explanation of why all of the plaintiff's impairments do not meet or combine to meet a listing including obtaining additional evidence and the testimony of medical expert if necessary, and (2) clarification of plaintiff's physical limitations in order to properly question a VE and reach an RFC based upon the facts of the record. Because the court is remanding for further consideration of these issues, the court need not address the merits of the plaintiff's remaining arguments at this time.

## V. CONCLUSION

A final judgment in accordance with this memorandum opinion will issue this day.

This, the 28th of June, 2011.

　　　　　　　　　　　　　　　　　　　　/s/ S. Allan Alexander　　　　　　　
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE